FILED
2007 Apr-26 PM 03:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LUTHER S. PATE IV, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION NO. 07-G-0196-S |
| VESTA INSURANCE GROUP, INC., | ) |
| AND J. GORDON GAINES, INC., | ) |
| | ) |
| Appellees. | ) |
| | ) |

## MEMORANDUM OPINION

It is undisputed that the order of the bankruptcy court from which the Appellant, Luther S. Pate, IV, (hereinafter "Pate") seeks to appeal is an interlocutory order. Pate asserts that he is entitled to appeal this order as a matter of right. He also asserts that the appeal should be allowed under 28 U.S.C. § 158(a)(3) in the event he is not entitled to appeal as a matter of right.

The injunction order at issue was entered in an adversary proceeding brought by Vesta Insurance Group, Inc., and J. Gordon Gaines, Inc. (hereinafter "Debtors") against Pate, which seeks to enjoin Pate from prosecuting a state court action against certain of Debtors' officers and directors. The bankruptcy court

issued a preliminary injunction that enjoins Pate from doing so pending further order of bankruptcy court.

## I.  APPEAL AS A MATTER OF RIGHT

Pate asserts that his appeal comes within two exceptions to the final judgment requirement of 28 U.S.C. § 158(a)(1).  The court finds neither argument persuasive.

Pate argues that his appeal should be allowed as a matter of right under 28 U.S.C. § 1292(a)(1), which provides in pertinent part as follows:

> (a)  [T]he courts of appeals shall have jurisdiction from:
>
> > (1) interlocutory orders of the district courts of the United States ... or of the judges thereof, granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions except where a direct review may be had in the Supreme Court.

The plain wording of the statute limits shows that it does not apply to interlocutory injunctive orders of the bankruptcy courts.  See, In re Quigley Co., Inc. 323 B.R. 70, 75 n. 4 (S.D.N.Y. 2005) (noting that 28 U.S.C. § 1292(a)(1) applies to interlocutory injunctive orders issued by district courts, but not to such orders issued by bankruptcy courts).

Pate also argues that he should be allowed to appeal from the preliminary injunction as a matter of right under the collateral order doctrine.

2

Courts may exercise appellate jurisdiction under that doctrine over an interlocutory order that: "(1) conclusively determines the disputed question, (2) resolves an important issue completely separate from the merits of the action, and (3) is effectively unreviewable on appeal from a final judgment." <u>Sell v. United States</u>, 539 U.S. 166, 176, 123 S. Ct. 2174, 2182, 156 L. Ed.2d 197 (2003). All three requirements must be met. At least two of the essential requirements have not been met.

       The preliminary injunction does not resolve an issue completely separate from the merits of the action. The Debtors' adversary proceeding complaint asserts two grounds to support its request for injunctive relief. The bankruptcy court recited one of these– that the insurance proceeds are assets of the debtors' bankruptcy estates. Far from being an issue completely separate from the merits of the action, the question of whether the debtors' estates have a property interest in the insurance proceeds is central to the merits of the adversary proceeding. Nor has Pate has not shown that the preliminary injunction will be "effectively unreviewable" on appeal from the bankruptcy court's final judgment in the adversary proceeding. Pate has not identified any irreparable harm that he will suffer by having to wait for a final judgment. Therefore, the preliminary

injunction issued by the bankruptcy court is not appealable as a matter of right under the collateral order doctrine.

## II.  APPEAL UNDER 28 U.S.C. § 158(a)(3)

Appeals from interlocutory orders are permitted with leave of court under 28 U.S.C. §158(a)(3).  Whether to grant a motion to allow an interlocutory appeal is within the discretion of the district court.  In re Charter Company, 778 F.2d 617, 621 (11th Cir. 1985) (applying abuse of discretion standard to denial of motion for leave to appeal).  Because 28 U.S.C. §158(a)(3) does not provide any criteria for determining whether an interlocutory appeal should be allowed, district courts considering a motion for leave to appeal an interlocutory order utilize the three-prong analysis set out in 28 U.S.C. § 1292(b), which governs discretionary interlocutory appeals form district courts to the courts of appeal.  See, In re Charter Company, 778 F.2d at 620, n. 5 (noting without disapproval that the district applied the section 1292(b) test).  This test requires the district court to consider whether "(1) the order in question involves a controlling question of law; (2) this controlling question of law presents substantial grounds for difference of opinion; and (3) an immediate appeal from the order in question may materially advance the ultimate termination of the litigation."  In re K O Trucking Company, Inc., 99 B.R. 78, 79 (N.D. Ala. 1988).

Having reviewed the submissions of the parties and relevant portions of the record, the court concludes that an interlocutory appeal is not appropriate in this case.  In his motion for leave to appeal, Pate notes that the bankruptcy court rested its injunction on a finding "that the Debtor's estates have a property interest in the proceeds of the insurance policies...."  Arguably this might represent a controlling question of law.   However, Pate also  argues as follows:

> While the Debtors' estates may indeed have an interest in some portion of the proceeds, *such interest and the extent of such interest have not been established*.

(Pate br. at 6. (emphasis added).)  This makes it clear that additional factual development is required before there can be any meaningful consideration of the legal issues Pate seeks to have resolved.  Therefore, even if it is assumed that a controlling question of law is in dispute, allowing an immediate appeal from the preliminary injunction order issued by the bankruptcy court would  not materially advance the ultimate termination of the litigation.

Additionally, Pate does not offer contradictory lines of authority or even suggest that the law is unsettled in this area. Although there may be a dispute as to the extent of the Debtors' interest in the insurance policies, the law in the 11th Circuit is not in dispute and is as follows:

5

>Where the debtor has an interest in the insurance proceeds, however, the proceeds are considered property of the bankruptcy estate and distribution of the proceeds is governed according to the terms of the bankruptcy plan.

In re Stevens, 130 F.3d 1027, 1029 (11th Cir. 1997).

For the above reasons, Pate's notice of appeal is due to be dismissed and his motion for leave to appeal is due to be denied. An appropriate order will be entered contemporaneously herewith.

DONE and ORDERED 26 April 2007.

UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.